**UNITED STATES of America**
**v.**
**Bernard MERRIWEATHER.**
**Crim. No. 73-519.**

United States District Court,
E. D. Pennsylvania.

May 16, 1974.

Alan M. Lieberman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Robert L. Franklin, Philadelphia, Pa., for defendant.

MEMORANDUM AND ORDER

DITTER, District Judge.

The defendant was convicted on two counts of distributing heroin. He has moved for a new trial or for a judgment of acquittal contending that he was denied counsel of his own choice and the opportunity to impeach a key Government witness by bringing out the details of crimes for which she had been convicted.

On September 6, 1973, Bernard Merriweather was indicted on two counts of violating 21 U.S.C. § 841. He posted bail in the amount of $5,000. with surety on September 14, but failed to appear for arraignment on October 9. Robert L. Franklin, Esquire, was appointed to represent him on October 24, and Merriweather was finally arraigned on December 17.

Trial was scheduled for 9:30 A.M. on January 16, 1974. Despite oral and written notice from his counsel, the defendant arrived approximately one and one-half hours late.

Immediately, Mr. Merriweather indicated he wanted to retain other counsel because Mr. Franklin had suggested that a plea of guilty be entered. Nevertheless, Mr. Franklin was prepared to represent the defendant, if he so wished, at a jury trial. Mr. Franklin asked for leave to withdraw, however, because he felt he lacked "the necessary rapport between lawyer and client that I should have in defending a man about to go into a trial of this severity."

Mr. Merriweather stated he should be granted a continuance since he had been out of jail only a couple of weeks and had not had time to retain counsel. Moreover, an attorney with whom he had been talking had gone to Florida. Although he had no money to pay a lawyer, the defendant said his family was trying to help him get some. He felt that it would take a week or so to obtain representation.

It is a fundamental principle in our criminal justice system that a defendant has an absolute right to counsel. There is no concurrent right, however, that permits a defendant to delay a trial either deliberately or inadvertently because he has made little effort to engage an attorney. Though Merriweather had been out of jail for several weeks, his only explanation for his failure to retain a lawyer was that his wife had had a baby and he had been to court three times.

Apparently, the defendant had done next to nothing in his own behalf. He admitted that at the time of trial he was unable to afford a private attorney, nor was there any assurance that funds would be forthcoming. Furthermore, though it had been almost three months since Mr. Franklin's appointment, Merriweather stated he did not have any particular new attorney in mind and was indefinite about the time that he would need to find one. As Judge Aldisert has succinctly pointed out, "there is no absolute right to a particular counsel." United States ex rel. Carey v. Rundle, 409 F.2d 1210, 1215 (3rd Cir. 1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970).

Merriweather had once failed to appear for arraignment, was late for court on the day in question, and it seemed that his professed lack of confidence in Mr. Franklin was groundless. I concluded that he had made no real effort in his own behalf and gave no indication that he would do so within a reasonable period of time. I therefore refused his request for a continuance.

In an attempt to impeach the credibility of a government witness, counsel for the defendant questioned her regarding prior convictions. Although the fact of these convictions and their relationship to the witness' drug habit was established, counsel further sought to elicit the details which led to the various convictions. In United States v. Plante, 472 F.2d 829 (1st Cir.), cert. denied, 411 U.S. 950, 93 S.Ct. 1932, 36 L.Ed.2d 411 (1973), the court considered this issue, noting that there is a split of authority on the propriety of the proponent of the witness (in this case, the Assistant United States Attorney), developing the details of prior convictions. However, the court also observed that the opponent of the witness (here, defense counsel) is uniformly not permitted to develop the details of prior convictions in an effort to impeach credibility. Therefore, the court properly limited cross-examination by sustaining the Government's objections. See also United States v. Mitchell, 427 F.2d 644, 647 (3rd Cir. 1970).

In view of defendant's failure to present any reason which would justify the grant of post-trial relief, his motions must be denied.