174 P.3d 1198 (2007)
STATE of Washington, ex rel. Royanne M. SCHMITZ, Respondent,
v.
Roger William KNIGHT, Appellant.
No. 58250-0-I.
Court of Appeals of Washington, Division 1.
December 24, 2007.
*1199 Roger William Knight, Seattle, WA, pro se.
Royanne M. Knight, Auburn, WA, pro se.
Jacqueline L. Jeske, Attorney at Law, Seattle, WA, for Respondent.
ELLINGTON, J.
¶ 1 When an adjudication may result in incarceration, the accused has the right to counsel under the state and federal constitutions.[1] This right applies equally in contempt proceedings. The right to counsel can be waived or forfeited, but absent express warnings on the record about the consequences of proceeding pro se, the right is forfeited only by extremely dilatory conduct. Failure to apply for a public defender despite warnings from the State that it would seek jail time and repeated instructions from the court to do so is certainly dilatory, but it does not rise to the level of extremely dilatory conduct required for forfeiture of the right to counsel. We reverse and remand.

BACKGROUND
¶ 2 Roger Knight had a history of willfully failing to pay child support, and the State filed a motion and order to show cause for contempt in April 2004. Proceedings were continued many times during the next two years as Knight appealed the underlying order, made procedural motions, cleared a potential conflict with privately retained counsel, agreed to a revised order, and to accommodate the court's calendar. At review hearings, Knight sometimes appeared with counsel, sometimes pro se, and sometimes not at all. On numerous occasions, the court referred Knight to the public defender's office.
¶ 3 As the continuances mounted, the State and the court began to lose patience. At two review hearings in March 2006, the State warned Knight it planned to seek maximum payments and jail at the next hearing if he failed to meet his obligations. The court again instructed Knight to seek appointment of a public defender.
¶ 4 After two more continuances, the contempt hearing was held on April 19, 2006. Knight appeared pro se and moved for a continuance in order to get appointed counsel. The court denied the motion, observing that Knight "has been on notice since at least February '06 to get screened by [the] Office of Public Defender and has not done so and offered no reason for his failure to do so by today. Respondent may be assigned a public defender upon remand to jail. . . . He was warned in the 3/8/06 order again to get a public defender."[2]
*1200 ¶ 5 Once confined to jail, Knight was appointed counsel. He was released from custody having posted bail. On May 10, 2006, his attorney appeared without Knight at a review hearing. He objected to the State's reliance on declarations with illegible signatures and to the court's failure to provide Knight with counsel. The court found the objection to the signatures untimely. Regarding the lack of counsel, the court found that Knight knew long before the hearing that he needed to obtain an attorney and described Knight's motion to continue as "game playing." The court issued a bench warrant based on Knight's failure to appear.

DISCUSSION
¶ 6 The question here is whether the court erred by denying Knight's motion to continue to allow him to obtain a public defender. We review a decision to deny a continuance for abuse of discretion.[3] A trial court abuses its discretion by basing its order or decision on untenable grounds or untenable reasons.[4]
¶ 7 When an adjudication may result in incarceration, the person accused must be provided with appointed counsel if he or she cannot afford private representation.[5] We have not previously addressed what conduct will precipitate loss of the right to counsel in civil contempt proceedings, but the issue has been thoroughly addressed in criminal and parental termination cases.[6] The same criteria apply here.
¶ 8 The right to counsel is not absolute, and a person may lose the right by (1) waiver, (2) waiver by conduct, or (3) forfeiture.[7] Waiver is a knowing and voluntary relinquishment and is typically "indicated by an affirmative, verbal request."[8] At the opposite end of the spectrum is forfeiture, which results in loss of the right to counsel regardless of intent.[9] This harsh result applies only in very limited circumstances, when the party engages in extremely severe and dilatory conduct.[10]
¶ 9 Waiver by conduct lies in the middle, and combines elements of waiver and forfeiture.[11] Conduct not rising to the level of forfeiture may result in waiver of the right to counsel if the court first warns the party of the consequences of his or her actions, including the risks of proceeding pro se.[12] Thus the court may require an alleged contemnor to proceed without counsel so long as it has informed the person on the record that his or her dilatory conduct will be deemed a waiver of the right to an attorney and advised him or her of the dangers and consequences of proceeding without counsel.[13]
¶ 10 Though Knight occasionally appeared and acted pro se, he did not affirmatively waive his right to counsel. At a December 9, 2005 hearing to consider a motion by Knight to modify a November 2005 agreed order, the court conducted an inquiry regarding Knight's desire to represent himself and found that Knight preferred to "represent himself today rather than have private counsel or seek representation of a public defender."[14] The finding was specific to that proceeding. Nothing in the record shows that Knight waived his right to an attorney for any other proceeding.[15]
*1201 ¶ 11 Nor does the record show that Knight was ever advised about the risks of proceeding pro se or warned that his conduct would be viewed as waiving his right to counsel. At hearings between December 9, 2005 and April 19, 2006, Knight was referred numerous times to the Office of Public Defender, but again, we have no record indicating that the required warnings were given. Without that record, waiver by conduct cannot apply.
¶ 12 Thus the refusal to grant Knight's request for a continuance to obtain counsel was proper only if Knight's conduct was sufficiently dilatory that he forfeited his right to counsel. In City of Tacoma v. Bishop, a defendant in a misdemeanor case was held not to have forfeited his right to counsel despite "almost complete inaction" after three notices of case setting, instructions that he was responsible for contacting the public defender's office, and several continuances to allow him to obtain an attorney.[16] In In re G.E., a father's conduct did not warrant forfeiture where he waited until after the start of his termination hearing to request counsel, and then counsel withdrew because representation was "unreasonably difficult."[17] As an example of extremely dilatory conduct, the G.E. court cited a case where the defendant repeatedly threatened to sue his attorney and urged him to engage in unethical conduct.[18]
¶ 13 Here, the court referred Knight to the public defender's office numerous times and found that Knight was "game playing." We share the court's exasperation with Knight, and we have no doubt that he has manipulated the court system in efforts to avoid his child support obligations. Nonetheless, the record does not support a finding that his conduct was so dilatory as to forfeit the right to counsel.
¶ 14 We reiterate the observation in Bishop that trial courts are not without resources here. Had the record revealed that Knight was properly warned and advised, his conduct unquestionably warranted waiver. But this record does not support forfeiture of the fundamental right to counsel. We therefore must reverse and remand for further proceedings.[19]
WE CONCUR: GROSSE and COLEMAN, JJ.
NOTES
[1] U.S. CONST. amend. VI; WASH. CONST. art. I, § 22 (amend. 10).
[2] Clerk's Papers at 592.
[3] In re Dependency of V.R.R., 134 Wash.App. 573, 580, 141 P.3d 85 (2006).
[4] State v. Brown, 132 Wash.2d 529, 572, 940 P.2d 546 (1997).
[5] Tetro v. Tetro, 86 Wash.2d 252, 254-55, 544 P.2d 17 (1975).
[6] See, e.g., City of Tacoma v. Bishop, 82 Wash. App. 850, 856, 920 P.2d 214 (1996); In re Welfare of G.E., 116 Wash.App. 326, 337-38, 65 P.3d 1219 (2003).
[7] Bishop, 82 Wash.App. at 855-59, 920 P.2d 214.
[8] Id. at 858, 920 P.2d 214.
[9] Id.
[10] V.R.R., 134 Wash.App. at 582, 141 P.3d 85.
[11] Bishop, 82 Wash.App. at 859, 920 P.2d 214.
[12] Id.
[13] Id. at 859-60, 920 P.2d 214.
[14] Clerk's Papers at 455.
[15] We have no record from the December 9, 2005 hearing.
[16] Bishop, 82 Wash.App. at 860, 920 P.2d 214.
[17] G.E., 116 Wash.App. at 337-38, 65 P.3d 1219.
[18] Id. at 337, 65 P.3d 1219.
[19] Given our disposition, we do not reach Knight's other issue regarding illegible signatures.