IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 12, 2008 Session


**STATE OF TENNESSEE v. TOMMY HOLMES**


**Appeal from the Criminal Court for Shelby County**
**No. 02-02082    James C. Beasley, Jr., Judge**

---

**No. W2008-00759-CCA-R3-CD  - Filed March 2, 2009**

---

D. KELLY THOMAS, JR., J., dissenting.


    I respectfully dissent from the result reached by the majority affirming the trial court's determination that the defendant's conduct in this case warranted the forfeiture of counsel.  I acknowledge that the majority opinion correctly recites the applicable case law concerning defendant misconduct and forfeiture of counsel.  However, I disagree with the majority opinion's application of the law to the facts presented in this case.  Therefore, I conclude that the trial court abused its discretion in its determination that the defendant forfeited his Sixth Amendment right to counsel at trial.[1]

    The facts of this case are easily distinguishable from those cases cited by the majority. Defense counsel testified at the initial hearing on March 27, 2003 in which he sought to withdraw as counsel that the defendant "ha[d] threatened physical violence in the past at our last meeting. Today he put his hands on me and I had to leave.  He punched me in the face with his finger, knocked my glasses off."  The trial court granted defense counsel's motion to withdraw and further ruled sua sponte that the defendant would not be appointed additional counsel.  On May 15, 2003, the defendant sought a hearing to refute the allegations of counsel in an effort to obtain appointed counsel.  The trial court denied the defendant's request for a hearing and ruled that the defendant would proceed without counsel.  Two years and five months later, the defendant went to trial with only the assistance of  "elbow counsel."  The defendant was convicted of aggravated rape and sentenced to twenty-four years in the custody of the Department of Correction.

---

    [1] Interestingly, remand counsel noted that while the defendant was forced to proceed pro se throughout trial, the trial court afforded him appointed counsel for the motion for new trial and appellate stages of his case.

On direct appeal, this court found error with the trial court's refusal to conduct an evidentiary hearing on the forfeiture of counsel issue and remanded the case for an evidentiary hearing. State v. Tommy L. Holmes, No. W2006-00236-CCA-R3-CD, 2007 WL 1651876 (Tenn. Crim. App. June 7, 2007), perm. app. denied (Tenn. Sept. 17, 2007). On remand, defense counsel testified that on one occasion, the defendant told him, "I know how to get rid of you." Defense counsel interpreted this as a threat of violence, although it is notable that he did not report this statement to the court contemporaneous to its occurrence or take any precautions that would indicate he, in fact, felt threatened, such as having the defendant handcuffed during meetings. Some time later at their next meeting and within two weeks of the scheduled trial date, the physical encounter occurred that precipitated the trial court's grant of defense counsel's motion to withdraw and the accompanying refusal to appoint new counsel. We note that defense counsel's testimony at the remand hearing differed significantly from the events as testified to at the initial hearing. At the remand hearing, defense counsel stated that the defendant "stood over me and said you're going to do what I tell you to do, *pushed his finger at me and knocked my glasses, not all the way off but askew*." Defense counsel also recalled that the incident occurred amid the backdrop of events involving the murder of a Memphis defense attorney and the Tony Carruthers trial, a defendant who went to trial without counsel in the wake of continued and persistent threats against a series of defense counsel.[2] Nevertheless, on cross-examination, defense counsel acknowledged that, despite the fact that he took the defendant's first statement to have been made in a threatening manner, he did not report it to the trial court nor did he ask that the defendant be shackled at the subsequent meeting where the physical contact occurred. Indeed when questioned by the trial court at the remand hearing, defense counsel testified that there had never been any problems between himself and the defendant and that he was surprised when the confrontation occurred.

Significantly, the State argued at the remand hearing that "the bottom line is, there was physical contact between his client and [defense counsel] and there's nothing in the law that requires [defense counsel] to continue representing this defendant." Of course a lawyer should not be subjected to abusive or offensive physical contact from a client. However, the controlling issue presented in this case is, as stated by counsel at the remand hearing, "whether or not [the defendant] forfeited the Sixth Amendment right to counsel."

A trial court's decision regarding the appointment or relief of counsel will not be disturbed on appeal absent a showing of an abuse of discretion. State v. Rubio, 746 S.W.2d 732 (Tenn. Crim. App. 1987). For this court to conclude that an abuse of discretion occurred, there must be no substantial evidence to support the conclusion of the trial court. Id. The trial court correctly noted that a criminal defendant may forfeit the right to the assistance of counsel by engaging in *extremely serious misconduct*. State v. Carruthers, 35 S.W.3d 516, 548 (Tenn. 2000) (citing United States v. Goldberg, 67 F.3d 1092, 1102 (3d Cir. 1995); City of Tacoma v. Bishop, 920 P.2d 214, 218 (Wash. Ct. App. 1996)). I also note, as did the trial court and the majority, that the events surrounding this case occurred against the backdrop of the Carruthers case, in which defense counsel was involved, and the murder of a prominent criminal defense attorney. However, with due deference to those

---

[2] Counsel noted at the remand hearing that defense counsel was one of the attorneys involved in the Carruthers case who was relieved from representation after Carruthers's repeated threats.

circumstances that the trial court found particularly relevant, I do not believe that the defendant's conduct rose to the level of extremely serious misconduct to warrant forfeiture of his right to counsel. The trial court specifically found that the defendant in this case "poked his finger in [defense counsel's] face and hit his glasses and knocked his glasses off" and later that the defendant "punched [defense counsel] in the face with his finger and made contact with his glasses on his face."

The cases relied upon by the trial court and the majority describe misconduct that is, in my opinion, of far greater seriousness than that found to have been committed by the defendant in this case. See, e.g., United States v. Leggett, 162 F.3d 237, 250 (3d Cir. 1998) (unprovoked physical attack in the courtroom wherein the defendant punched his attorney in the head while straddling his body, choking, scratching and spitting on him); Bultron v. State, 897 A.2d 758, 766 (Del. 2006) (*"continuing* profanity and insulting conduct" toward counsel warranted forfeiture) (emphasis added); People v. Slone, 262 A.D.2d 431, 432 (N.Y. App. Div. 1999) (pattern of threatening and abusive behavior directed at *successive* attorneys) (emphasis added).

In Carruthers, a case involving continued threats of violence to a succession of attorneys – including threats directed at family members and staff indicating that they were being watched – our supreme court warned that forfeiture is an extreme sanction. Carruthers, 35 S.W.3d at 548. As such, it "is appropriate only where a defendant *egregiously manipulates the constitutional right to counsel so as to delay, disrupt, or prevent the orderly administration of justice*." Id. (emphasis added). Based upon these principles, I cannot conclude that the "extreme sanction" of forfeiture was warranted in this case. Therefore, I conclude that the trial court abused its discretion and that the defendant's right to counsel was violated as a result.

For these reasons, I respectfully dissent from the majority opinion in this case and would vacate the judgment of the trial court and remand for a new trial.

_____

D. KELLY THOMAS, JR., JUDGE