IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Guardianship of<br><br>H.R. | No. 88015-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — In 2023, H.R. was born prematurely and released to her paternal grandmother under an emergency guardianship. In April 2025, the grandmother was granted a long-term guardianship order and a visitation hearing was set. Prior to the visitation hearing, in a hearing without the mother present, the mother's counsel withdrew at her request and the court entered an order directing the mother to the Office of Assigned Counsel to obtain representation for her visitation hearing. Neither the mother nor counsel representing her were present at the visitation hearing.

The court reduced and modified the mother's visitation conditions. The mother appeals, asserting that her right to counsel was violated when the court modified visitation without her counsel present.

Because the mother was not represented at the visitation hearing and she did not waive her right to counsel, the mother's right to counsel was violated. We reverse and remand for a new hearing regarding the mother's visitation.

## FACTS

In 2023, H.R. was born prematurely with drugs in her system and treated in the Neonatal Intensive Care Unit (NICU) for approximately 30 days. When H.R. was born, the mother did not have housing and Child Protective Services recommended guardianship. Prior to H.R.'s release from the hospital, the mother asked H.R.'s paternal grandmother to care for H.R. The paternal grandmother obtained emergency guardianship, and H.R. was discharged to the grandmother's care. The mother was given supervised visitation on Mondays, Wednesdays, and Fridays and needed to arrange the visits with the grandmother.

Throughout the guardianship, the mother and grandmother had ongoing issues with communication about visitation. The mother did not show up consistently on all her visitation days. Because of the repeated absences, visitation was modified to:

> Mondays/Wednesdays/Fridays, 10 AM – 12:30 PM. Should [the mother] be running late or unable to make the visit, she shall notify [the grandmother] immediately. If [the mother] is going to be more than 15 minutes late for the visit, unless agreed upon prior, the visit shall be cancelled. Visits may be expanded, or the times modified, upon agreement of the parties.

The guardianship trial occurred on March 31, 2025 through April 1, 2025, and mother and her counsel were present. The court entered a minor guardianship order in favor of the grandmother on April 2, 2025. The court noted that a separate hearing for visitation would occur.

In May 2025, before the visitation hearing, the mother's counsel, Ronald Heiman, moved to withdraw. The mother was not present at this hearing. Heiman testified that the mother asked him to withdraw because she had assistance from other counsel.[1] Heiman also detailed that representing the mother made it hard for him to "fulfill [his] ethical obligations and obligations under the Rules of Professional Conduct" and that communication between him and the mother was not good.

The court granted Heiman's motion, ruling that Heiman's withdrawal was "effective immediately, other than for the limited purpose of assisting [the mother] to obtain counsel for her appeal." The court ordered the mother to go to the Office of Assigned Counsel to obtain representation for her visitation hearing. Heiman was also instructed to provide a copy of the order to the mother's last known address.

The visitation hearing was held on June 13, 2025 and neither the mother, nor counsel for the mother were present. The court and the guardian's attorney were not sure whether the mother had representation for the visitation hearing. The guardian's attorney, Alyssa Forcella, testified that she was not in contact with the mother or an attorney for the mother. Forcella also stated that she did not know whether the mother planned to have an attorney represent her at the visitation hearing. The guardian asked the court to reduce visitation based on the mother's absences. Visitation was granted as follows:

---

[1] Heiman testified that the mother was not clear on whether the other counsel was representing her for the visitation hearing.

3

> Visitation for the Mother shall be as agreed upon with the Guardian, up to 2x per week, supervised by the Guardian, in a public location. The Mother is to give 24 hours advance notice of visitation by phone call to the Guardian. Visits may be terminated if the Guardian suspects the mother is under the influence of alcohol or controlled substances.

The mother appeals.

## ANALYSIS

<u>Violation of the Mother's Right to Counsel</u>

The mother asserts that she had the right to counsel at her visitation hearing. H.R.'s guardian contends that although the mother has a right to counsel in guardianship proceedings, the right to counsel is not absolute. We agree with the mother.

Article I, section 3 of the Washington Constitution and the Fourteenth Amendment to the United States Constitution guarantee that "no person shall be deprived of life, liberty, or property, without due process of law." In guardianship proceedings, the court must appoint an attorney to represent a parent of a minor who is the subject of a proceeding if: (1) the parent has appeared in the proceeding, (2) the parent is indigent, or (3) the parent objects to appointment of a guardian for the minor. RCW 11.130.200(5). Under RCW 11.130.215(4), as part of appointing a guardian, the court "shall state rights retained by any parent of the minor, which shall preserve the parent-child relationship through an order for parent-child visitation and other contact."

The mother appeared at the guardianship proceedings, she was found indigent, and she objected to the guardianship. Because she meets the factors under RCW 11.130.22(5), the mother was entitled to court appointed counsel

4

throughout the guardianship proceeding. Additionally, since a guardianship order should state visitation rights and other contact with the parent, the mother had a right to be represented when the court set the new visitation order which was a reduction in visits from the previous visitation order. Since the mother was not represented at the visitation hearing, the court violated her right to counsel.

Waive or Forfeit Right to Counsel

The mother claims that she did not waive or forfeit her right to counsel. H.R.'s guardian asserts that the mother's actions amounted to waiver by conduct because she did not secure appointed or private counsel after Heiman withdrew. The mother did not waive or forfeit her right to counsel.

Courts review whether a parent waived the right to counsel under the criminal standard of whether the defendant waived their right. *In re Dependency of E.P.*, 136 Wn. App. 401, 405, 149 P.3d 440 (2006). A parent may waive their right to counsel by " '(1) voluntarily relinquish[ing] the right, (2) waiv[ing] it by conduct, or (3) forfeit[ing] it through extremely dilatory conduct.' " *E.P.*, 136 Wn. App. at 405 (internal quotation marks omitted) (quoting *In re Welfare of G.E, T.E. and N.E.*, 116 Wn. App. 326, 334, 65 P.3d 1219 (2003)). "If a defendant engages in dilatory tactics or hinders a proceeding, a court may find that the defendant waived [their] right to counsel by conduct." *G.E.*, 116 Wn. App. at 334. A "waiver must be knowing, voluntary and intelligent, usually indicated by an affirmative, verbal request." *City of Tacoma v. Bishop*, 82 Wn. App. 850, 858, 920 P.2d 214 (1996).

The mother did not voluntarily relinquish her right to counsel, and H.R.'s guardian concedes that she did not forfeit her right. Therefore, we analyze whether the mother waived her right to counsel.

The grandmother's argument assumes that the mother was informed of Heiman's withdrawal and the court's instruction to contact the Office of Assigned Counsel. The court allowed Heiman to withdraw but ordered him to ensure the mother had an appointed attorney and to send her a copy of the withdrawal order. The facts do not detail whether Heiman assisted the mother in attaining new counsel. During the May hearing, Heiman testified that his communication with the mother was "not good" and that they were not connecting at all on the issues in her case. The record does not support that the mother had notice of Heiman's withdrawal and further action required by her. It is also unclear whether the mother had notice of the date of the visitation hearing.

Additionally, the facts do not support that the mother waived her right to counsel by conduct because during the guardianship proceedings, she contested guardianship. During trial, the mother was asked, "would you like to raise your daughter?" She replied, "yes, I would." The mother's opposition to long term guardianship does not support the argument that her absence was a waiver by conduct. Because the mother has a right to counsel and did not waive it, and her visitation requirements were modified without her counsel present, the visitation ruling must be reversed.

6

We reverse and remand to the trial court for a new hearing regarding the mother's visitation.

_____

WE CONCUR:

_____        _____