Milton A. Wiltse, J.
The instant matter is one in which the aforesaid “Mary Jane Brown” was adjudicated a wayward minor in the City Court of Watertown, New York, under the applicable provisions of the Code of Criminal Procedure of the State of New York, namely: section 913-a et seq.
After proceedings taken in said City Court, the said ‘ ‘ Mary Jane Brown ” was committed to the St. Anne Institute at Albany, New York.
Thereafter an application for a certificate of reasonable doubt, pending an appeal, was filed by Reginald Bigness, Esq. He also filed and served a notice of appeal and affidavit of errors. The application for a certificate of reasonable doubt was denied.
It thereafter appeared that the aforesaid Reginald Bigness was never retained by the said “ Mary Jane Brown ” or any of her family, and that she was represented by the firm of Quimby, *716 Cosier & Lengyel at the time of her adjudication as a wayward minor, and at all times thereafter. It is appreciated that the Code of Criminal Procedure of the State of New York specifies that the return on appeal must govern any decision of an appellate court, together with the law that is applicable to same.
However, we are confronted with an unusual factual situation, which makes it necessary to examine matter not in the return, in order to determine whether there is even an appeal properly before this court. Therefore, it has been necessary to examine statements and letters that are not part of the return, together with other matter.
Briefly, as indicated above, “ Mary Jane Brown ” was adjudged a wayward minor in the City Court of Watertown, New York. She was represented at that time by the firm above mentioned. Thereafter, the proceedings aforesaid were instituted by Reginald Bigness, Esq. Communications to the court, from the said “ Mary Jane Brown ” and from her mother, have stated that no authorization was given to Attorney Bigness to apply for the certificate of reasonable doubt or to perfect au appeal from the adjudication of the City Court; and have further stated that the firm above mentioned always represented her, and would still do so, provided that she had any inclination to perfect an appeal. In the moving papers presented by Attorney Bigness, he states that his connection with the case is in representing the person that was a ‘1 friend ’ ’ of defendant, one ‘ ‘ J ohn J ones ’ ’ that engaged him to make the applications aforesaid. It further appears that Attorney Bigness was retained by said “John Jones” to perfect the aforesaid proceedings. It further appears that the said “ Mary Jane Brown ” was a person of approximately the age of 18 years and that the said “ Jones ” was considerably in excess of the age of 18 years, and that the said “ Jones ” might have been the person with whom the said “Mary Jane Brown” allegedly cohabited, and that such associations were part of the facts upon which the original charge was allegedly based.
Without going into more details, because the decision hereinafter made does not take this matter into consideration as though it had been a duly filed appeal, it is determined: That in view of the quasi-criminal nature of this type of proceeding, and the facts regarding representation, any appellate court should examine facts prior to the return that has been filed from the City Court, even though that would not be permissible in a purely criminal matter; or in any appeal; and determine whether any alleged appeal is fp bp here considered. Having *717 this in mind, it is determined that there has been no appeal duly filed, and that Attorney Bigness aforesaid, had no authorization to file the same; and that no decision on the merits of the adjudication as a wayward minor is permissible of determination herein. The appeal, if any, is a nullity under the law and the circumstances; and the appeal, as such, does not exist.
There has been no appeal filed, and Attorney Bigness had no authorization to file any papers in connection with same, and •neither the defendant nor her family requested it.
This has necessarily taken into consideration matters that are unusual, and no criticism whatever is implied or suggested with regard to any attorney connected with this proceeding. However, if we do not follow the laws prescribed by the Code of Criminal Procedure and the rules of Bar Associations, with regard to pertinent matters, including representation of a person that is convicted of either a criminal charge or a quasi-criminal charge, and of procedure and respect the desires and wishes of defendant and family and attorneys of record, it would appear that we are adopting precedents that would cause all judicial concepts and interpretation of the aforesaid, that have been heretofore made, to be of no avail.
It appears from other letters received from the aforesaid “ Mary Jane Brown ” and from her mother that she would now like to be released from the St. Anne Institute aforesaid; although, previously, both of said persons had indicated through correspondence to the court, entirely unsolicited, that she did not wish any consideration given as to her release. Since that is the situation, apparently, it is suggested that in this very unusual case, the proper remedy, if anything legally entertain-able may be presented, would be by way of a petition for a writ of error coram nobis presented to the proper court. Reference has been made to unsolicited correspondence received. No testimony was elicited as to the handwriting; but — alleged defendant’s counsel did not dispute its authenticity. All of same will be filed as part of record. The presentation of petition for writ of error coram nobis is only a suggestion for the benefit of all parties, and this is made with the additional rulings herein being made: any alleged appeal in this matter is dismissed, since no appeal has been presented to this court by 11 Mary Jane Brown ”, or by any attorney who represents her. In other words, there never was any appeal presented, but some disposition must be made, and has been hereby made, of all alleged proceedings. It necessarily follows, therefore, that the aforesaid “ Mary Jane Brown ” is required to serve what *718 ever judgment was pronounced upon her adjudication as a wayward minor, within the applicable provisions of the statutes, and until some proper proceeding is instituted and determined.
It is the suggestion of this court that the District Attorney send a copy of this decision and an order in conformity with same, to the said “ Mary Jane Brown”, to her mother, Mrs. ‘ ‘ Hortense Brown ’ ’, to Attorneys Quimby, Dosier & Lengyel, and to Attorney Reginald Bigness and that he also suggest to Attorneys Quimby, Dosier & Lengyel, to take such action as they deem proper under the foregoing.