[No. 6531–1.   Division One.   December 4, 1978.]

*In the Matter of the Welfare of*
LATASHA M. PARZINO.

*John M. Watson,* for appellant.

*David F. Thiele, Prosecuting Attorney, H. Clarke Harvey, Deputy,* and *Harold E. Baily,* for respondents.

WILLIAMS, J.—This is an appeal from an order of the Superior Court permanently depriving Linda Jean Parzino of all parental rights in her child, Latasha. Because Linda Jean has been absent since shortly after the child was born, a court–appointed attorney is prosecuting the appeal on her behalf. The question is whether he should do so.

The facts are these: Linda Jean bore Latasha in Island County on July 31, 1977, took care of her for about 6 1/2 weeks, then placed her in foster care where she remains. Late in 1977, juvenile authorities received information that Linda Jean had gone to California without leaving a trace. On March 10, 1978, the Washington State Department of Social and Health Services petitioned for an order depriving Linda Jean of all parental rights in Latasha and placing her in its permanent care for subsequent adoption.

At the request of the Island County Defenders Association, the court appointed an "attorney/guardian ad litem" for Latasha and an attorney for Linda Jean. The court then scheduled a hearing and directed that Linda Jean be notified by publication in accordance with RCW 13.04.080, which was done. At the hearing, testimony was adduced that the mother was a prostitute, the father was a procurer, and both had left the state. The court found that a reasonable and diligent search for Linda Jean had been made without success, that Linda Jean had abandoned Latasha, and granted the petition. Linda Jean's court–appointed attorney appeals, challenging the jurisdiction of the court and the sufficiency of the evidence. He also contends that Linda Jean's Sixth Amendment rights were violated. The guardian ad litem for Latasha moves to dismiss the appeal as unauthorized.

■■ In a deprivation proceeding a parent is entitled to the full panoply of due process safeguards, *In re Luscier,* 84 Wn.2d 135, 524 P.2d 906 (1974); *In re Petrie,* 40 Wn.2d 809, 246 P.2d 465 (1952), but the welfare of the child is the court's primary consideration. *In re Sego,* 82 Wn.2d 736, 513 P.2d 831 (1973). By cutting herself off from any connection with the child and communication with anyone in this jurisdiction, Linda Jean has made it impossible for the court to do anything but proceed without her. It is apparent that the officials responsible for Latasha's welfare, and that includes the court, cannot wait for Linda Jean to surface. Latasha must be given a reasonable chance in life.

■ The appointment of an attorney for Linda Jean serves no useful purpose. Latasha's interests are fully protected by her guardian ad litem who, as seen, has moved for the dismissal of this appeal. The attorney appointed for Linda Jean can only assume that she would want him to resist the petition, although from her conduct it would appear that that may not be the case. Fundamental to an attorney–client relationship is the right of the client to reject or accept the advice of the attorney. *Graham v. Graham,* 40 Wn.2d 64, 240 P.2d 564 (1952). The appointed attorney cannot represent Linda Jean and the court cannot pass upon the merits of her case in her absence. *See People v. Brown,* 9 Misc. 2d 715, 174 N.Y.S.2d 147 (1958). By law, she has missed the opportunity of appearing and participating in the proceeding.

The appeal is dismissed.

ANDERSEN, A.C.J., and RINGOLD, J., concur.