[No. 55954-1-I. Division One. August 14, 2006.]

*In the Matter of the Dependency of* V.R.R. ET AL.

AMOS RAMSEY, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

*Eric Broman* (of *Nielsen, Broman & Koch, P.L.L.C.*), for appellant.

*Robert M. McKenna, Attorney General,* and *Wendy K. Bohlke* and *Matthew Daheim, Assistants,* for respondent.

¶1 SCHINDLER, A.C.J. — The Department of Social and Health Services (DSHS) filed a petition to terminate Amos Ramsey's parental rights to his two minor children, V.R.R. and M.V.H.R. An attorney was appointed to represent Ramsey in the termination proceedings the day before the trial. DSHS agreed to a continuance, but when Ramsey did not appear on the day of trial, DSHS opposed the request for a continuance. The trial court ruled Ramsey failed to timely request appointment of counsel and denied the attorney's motion to continue. Based on the testimony of the DSHS social worker and the court records, the trial court terminated Ramsey's parental rights to his two children.

Ramsey contends the court's decision to deny the motion to continue violated his due process right to effective assistance of counsel and is not supported by the record. We agree and reverse and remand for a new trial.

## FACTS

¶2 Amos Ramsey and Sarah Heath are the parents of V.R.R. and M.V.H.R.[1] V.R.R. was born on December 25, 1998, and M.V.H.R. was born on April 25, 2001. On June 19, 2002, DSHS filed a dependency petition for V.R.R. and M.V.H.R. The petition alleged no parent was capable of adequately caring for the children and there was a danger of substantial harm to the children. In the petition, DSHS describes in detail concerns regarding the father's mental health and the mother's mental health, as well as allegations concerning the father's use of alcohol and cocaine, the mother's use of methamphetamine, and domestic violence between the mother and father.

¶3 James Nelson was appointed to represent Ramsey in the dependency proceedings. Neither Ramsey nor Heath contested the allegations in the dependency petition. On October 10, 2002, an agreed order of dependency was entered, placing the children with relatives. The dependency disposition order required Ramsey and Heath to each obtain mental health and substance abuse evaluations, participate in recommended treatment programs, and attend parenting classes. The order also required Ramsey and Heath to maintain a clean and sober lifestyle and obtain a suitable and stable residence.

¶4 A number of dependency review hearings were held between November 2002 and July 2004. Nelson attended the review hearings on Ramsey's behalf. Ramsey also attended several hearings. By July 2004, Ramsey had completed a substance abuse evaluation and a psycho-sexual evaluation but did not follow the treatment recom-

---

[1] This appeal only involves Amos Ramsey. Sarah Heath agreed to relinquish her parental rights to the children in February 2005.

mendations. Ramsey also did not follow the mental health recommendations, did not participate in parenting classes, did not visit his children, and did not have a suitable and stable residence.

¶5 On July 9, 2004, DSHS filed a "Petition for Termination of Parent-Child Relationship" (Petition to Terminate). In the Petition to Terminate, DSHS alleged Ramsey and Heath failed to successfully complete court-ordered services. DSHS also alleged Ramsey missed inpatient treatment appointments, psychosexual evaluation appointments, and visits with the children. In addition, the petition alleged Ramsey did not maintain a clean and sober lifestyle or a stable residence. DSHS sought termination of the parental rights of Ramsey and Heath because the nature and extent of the parental deficiencies made it unlikely the circumstances would change in the near future.

¶6 After unsuccessfully attempting to personally serve Ramsey, DSHS served him by certified mail at his last known address in Everett with the "Notice & Summons/ Order to Appear for Termination of Parent-Child Relationship" (Notice to Appear) and the Petition to Terminate. The declaration of service states that the Notice to Appear and the Petition to Terminate were mailed to Ramsey at his address in Everett on July 20. The receipt attached to the declaration of service indicates the Notice to Appear and the Petition to Terminate were received on August 3.

¶7 The Notice to Appear informed Ramsey that DSHS filed a petition to terminate his parental rights, that Ramsey must take steps to protect his rights, and that Ramsey must appear at an August 12, 2004, termination hearing:

> YOU ARE NOTIFIED that a Petition for Termination of Parental Rights has been filed against you. You have important legal rights and you must take steps to protect your interests. This petition can result in permanent loss of your parental rights.

According to the Notice to Appear, the purpose of the preliminary termination hearing on August 12 was to address

undisputed facts. The Notice to Appear also stated that if Ramsey did not appear on August 12, the court could enter an order permanently terminating his parental rights. The address and phone number for the Office of Assigned Counsel is provided in the Notice to Appear and advised Ramsey that:

> You have the right to have a lawyer represent you at the hearing . . . . If you cannot afford a lawyer, the court will appoint one to represent you. To get a court appointed lawyer you must contact the Office of Assigned Counsel.

¶8 Ramsey, Heath, Heath's attorney, the guardian ad litem (GAL), the DSHS caseworker, and the DSHS attorney attended the August 12 hearing. At the conclusion of the hearing, the court commissioner entered an "Order on Preliminary Termination Hearing." The order verifies proof of service for the Petition to Terminate and finds a termination trial is necessary. The court clerk minutes for the August 12 hearing also state, "[f]ather needs to obtain counsel."

¶9 On October 25, a "Notice of Non-Jury Trial Date" was sent to Ramsey at the same address previously used to mail the Notice to Appear and the Petition to Terminate. The Notice of Non-Jury Trial Date states that a two-day trial on the termination of parental rights to V.R.R. and M.V.H.R. was scheduled to begin at 9:30 AM on Tuesday, January 25, 2005.

¶10 On December 27, DSHS filed a "Notice of Intent to Admit Documents" (Notice to Admit) for the termination trial. The three-page Notice to Admit identifies a number of documents related to Ramsey, including a January 18, 1996, psychiatric evaluation; October 2002 progress notes from Compass Health; a March 27, 2003, report from Community Mental Health Services; a November 26, 2003, mental health evaluation from Scott Zankman, MA; 2002 documents from Northwest Treatment and Skagit Recovery Center; June 9, 2003, and May 9, 2004, toxicology reports; and criminal history from the Washington State Patrol.

¶11 Ramsey attended the dependency review hearing scheduled for the Thursday before the January 25 termination trial. At the hearing, DSHS gave Ramsey a bus ticket from Everett to the Skagit County courthouse for the termination trial scheduled the following Monday.

¶12 James Nelson was appointed to represent Ramsey in the termination proceedings the day before the trial. Nelson immediately contacted the DSHS attorney about the necessity of a continuance to prepare, and DSHS agreed to a continuance of the termination trial.

¶13 Ramsey missed the bus and was not present at the termination trial on January 25, 2005. Nelson explained that he was unprepared and not able to effectively represent Ramsey without a continuance. Nelson also told the court he anticipated DSHS would present testimony from either a psychologist or psychiatrist and Ramsey needed the opportunity to obtain an independent evaluation. Because Ramsey was not present, DSHS changed its position and opposed continuing the trial. According to DSHS, its previous agreement to continue the trial was based on the understanding that Ramsey would be present "to have negotiations, see where we are." DSHS asked the court to enter an order of default against Ramsey. The GAL opposed a continuance because Nelson represented the father in the dependency proceedings, the dependency had been pending for at least three years, and the children needed resolution.

¶14 The trial court denied Nelson's request to continue the termination trial because Ramsey was not present and Ramsey did not timely obtain appointment of counsel.[2] The court also denied DSHS's request for an order of default.

¶15 The only witness who testified at the trial was the DSHS social worker assigned to the case for the past ten months. The DSHS attorney asked the social worker lead-

---

[2] "I see no reason why we can't go ahead this morning. Your client has had notice of this matter for months. He's not here. And he just got his attorney on board last night. That is not the approach of somebody who is particularly interested in this case or his children . . . the limitations that you're suffering are entirely the responsibility of your client and not the responsibility of the Department or this court."

ing questions to establish the statutory elements for termination under RCW 13.34.180(1) and introduced dependency review orders as an exhibit.[3] Nelson reiterated his objection to proceeding with the trial and his inability to effectively participate or represent Ramsey. Nelson did not cross examine the social worker or otherwise participate in the trial.

¶16 On February 3, 2005, the court entered findings of fact, conclusions of law, and an order permanently terminating Ramsey's parental rights to his two children, V.R.R. and M.V.H.R. Ramsey appeals.[4]

## ANALYSIS

### Forfeiture of Right to Counsel

¶17 Ramsey contends the trial court's decision to deny his attorney's request to continue the termination trial violated his right to effective assistance of counsel. DSHS concedes Ramsey has the right to effective assistance of counsel but claims he forfeited that right by not timely seeking appointment of counsel and failing to appear at trial.

¶18 We review a trial court's decision to deny a continuance for manifest abuse of discretion. *City of Tacoma v. Bishop*, 82 Wn. App. 850, 861, 920 P.2d 214

---

[3] RCW 13.34.180 provides in relevant part:

(1) A petition seeking termination of a parent and child relationship . . . shall allege all of the following . . . :

(a) That the child has been found to be a dependent child;

(b) That the court has entered a dispositional order . . . ;

(c) That the child has been removed . . . from the custody of the parent for a period of at least six months pursuant to a finding of dependency;

(d) That the services ordered under RCW 13.34.136 have been expressly and understandably offered or provided . . . ;

(e) That there is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future . . . ;

(f) That continuation of the parent and child relationship clearly diminishes the child's prospects for early integration into a stable and permanent home.

[4] A commissioner of this court ordered this case set for oral argument before a panel.

(1996). A trial court abuses its discretion when it exercises that discretion based on untenable grounds or reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). In deciding a motion to continue, the trial court takes into account a number of factors, including diligence, due process, the need for an orderly procedure, the possible effect on the trial, and whether prior continuances were granted. *Bishop*, 82 Wn. App. at 861. When denial of a motion to continue allegedly violates constitutional due process rights, the appellant must show either prejudice by the denial or the result of the trial would likely have been different if the continuance was granted. *State v. Tatum*, 74 Wn. App. 81, 86, 871 P.2d 1123, *review denied*, 125 Wn.2d 1002, 886 P.2d 1134 (1994).

██ ¶19 Parents have a fundamental liberty interest in the care and custody of their children, protected by the Fourteenth Amendment and article I, section 3 of the Washington State Constitution. U.S. CONST. amend. XIV; CONST. art. I, § 3; *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); *In re Welfare of Myricks*, 85 Wn.2d 252, 533 P.2d 841 (1975); *In re Welfare of Luscier*, 84 Wn.2d 135, 137, 524 P.2d 906 (1974). The State also has a compelling interest in protecting the physical, mental, and emotional health of the children. *See In re Myricks*, 85 Wn.2d 252; *In re Luscier*, 84 Wn.2d at 137.

██ ¶20 Recognizing the significant interests involved in the termination of parental rights, state law guarantees a parent the right to counsel. RCW 13.34.090(2); *In re Dependency of Grove*, 127 Wn.2d 221, 232, 897 P.2d 1252 (1995).[5] But the right to counsel is not absolute. A parent cannot delay a trial either deliberately or inadvertently by making little or no effort to obtain an attorney. *Bishop*, 82

---

[5] RCW 13.34.090(2) provides in pertinent part: "At all stages of a proceeding in which a child is alleged to be dependent, the child's parent . . . has the right to be represented by counsel, and if indigent, to have counsel appointed for him or her by the court. Unless waived in court, counsel shall be provided to the child's parent . . . if such person (a) has appeared in the proceeding or requested the court to appoint counsel and (b) is financially unable to obtain counsel because of indigency."

Wn. App. at 856; *In re Welfare of G.E.*, 116 Wn. App. 326, 334, 65 P.3d 1219 (2003). A parent can lose the right to counsel by (1) waiver, (2) waiver by conduct, or (3) forfeiture. Waiver must be a knowing and voluntary relinquishment and is typically "indicated by an affirmative, verbal request." *Bishop*, 82 Wn. App. at 858. At the other end of the spectrum is forfeiture. Because forfeiture results in loss of a right regardless of intent, a party must engage in extremely severe and dilatory conduct to establish forfeiture. *Bishop*, 82 Wn. App. at 856; *In re G.E.*, 116 Wn. App. at 334. Because of the harsh result, forfeiture applies in only very limited circumstances. *In re G.E.*, 116 Wn. App. at 337.

¶21 DSHS concedes Ramsey did not either waive or waive by conduct his right to effective representation of counsel but claims Ramsey's delay in seeking appointment of counsel and his failure to appear at trial establishes forfeiture. Relying on *Bishop* and *In re G.E.*, Ramsey contends the record does not support forfeiture.

¶22 In *Bishop*, after the defendant repeatedly appeared without counsel despite several continuances to allow him to obtain an attorney, the trial court denied another request to continue and required the defendant to proceed to trial pro se. On appeal, the court held the defendant did not waive his right to counsel because the court did not warn him about the consequences of inaction. *Bishop*, 82 Wn. App. at 860. The court then considered whether the defendant's undisputed dilatory conduct resulted in forfeiture of the right to counsel. Although characterizing the defendant's conduct as " 'almost complete inaction,' " the court concluded it was not egregious enough to result in forfeiture of the right to representation. *Id.* at 859.

¶23 In *In re G.E.*, after three different attorneys were appointed to represent the father during the dependency, the court refused to appoint another attorney. On the first day of the termination trial, the court granted the father's request to appoint an attorney to represent him in the termination and continued the trial. When the trial resumed, the father's attorney asked to withdraw based on

difficulty in representing the father. The court granted the request to withdraw and over the father's objection, required the father to proceed pro se. *In re G.E.*, 116 Wn. App. at 331-32. On appeal, the court held that while in limited circumstances the right to counsel can be forfeited, the father's conduct did not establish forfeiture. *Id.* at 337. The court described the conduct necessary to establish forfeiture as " 'extremely dilatory' " and as an example cited a case where the defendant forfeited his right to counsel by repeatedly threatening to sue his attorney and urging his attorney to engage in unethical conduct. *Id.* at 337 (quoting *Bishop*, 82 Wn. App. at 859, and citing *United States v. McLeod*, 53 F.3d 322, 325 (11th Cir. 1995)). Likewise, in a case cited and relied on by DSHS, *United States v. Leggett*, 162 F.3d 237 (3d Cir. 1998), the court held the defendant engaged in extremely serious misconduct and forfeited his right to counsel when he physically assaulted his attorney during a court hearing. Here, neither the record nor the case law supports a finding that Ramsey forfeited his right to counsel.

¶24 Ramsey was represented by an attorney throughout the dependency proceedings. The Notice to Appear for a preliminary termination hearing on August 12 and the Petition to Terminate were sent to Ramsey in July by certified mail at his last known address in Everett. The Notice to Appear provided information about the August 12 hearing and about obtaining appointment of counsel. Ramsey attended the August 12 preliminary termination hearing on his own behalf. The order entered at the conclusion of the hearing found a termination trial was necessary, and the clerk's minutes stated, "[f]ather needs to obtain counsel." In late October, the termination trial was scheduled by the court for January 25, 2005. The Notice of Non-Jury Trial Date was again sent to Ramsey at the address in Everett. Nelson was not appointed to represent Ramsey in the termination proceedings until the day before the scheduled termination trial. DSHS agreed to Nelson's request to continue the trial. Even though Nelson repre-

sented Ramsey in the dependency, it is undisputed that without additional time to prepare, Nelson was not able to adequately represent Ramsey in the termination. Nelson appeared on the first day of trial and requested a continuance. Nelson told the court he was unprepared and Ramsey was not present because he missed the bus from Everett. The record provides no reason for the delay in the appointment of counsel for Ramsey. DSHS opposed a continuance because Ramsey was not present.

¶25 As in *Bishop* and *In re G.E.*, the record in this case does not support the conclusion that the delay in obtaining counsel was either serious misconduct or extremely dilatory conduct that should result in forfeiture. Without consideration of the reasons for Ramsey's failure to attend the trial, there is also no support for DSHS's argument that Ramsey's failure to appear warrants forfeiture under *Bishop* and *In re G.E.* On this record, we conclude Ramsey did not forfeit his right to effective representation of counsel.

*Ineffective Representation of Counsel*

██ ██ ¶26 DSHS argues that even if Ramsey did not forfeit his right to representation of counsel, the trial court's decision to deny the motion to continue was not an abuse of discretion because Ramsey cannot show he received ineffective assistance of counsel.[6] DSHS relies on *In re Welfare of Parzino*, 22 Wn. App. 88, 587 P.2d 201 (1978) and *In re Dependency of A.G.*, 93 Wn. App. 268, 968 P.2d 424 (1998), to support the argument that Ramsey cannot claim ineffective assistance because he did not appear on the first day of trial. *In re Parzino* and *In re A.G.* are factually distinguishable.

¶27 In *In re Parzino*, despite diligent efforts to do so, appointed counsel was unable to establish any contact with her client who had left the state. Given the lack of contact

---

[6] In a termination trial, parents have the statutory right to effective legal representation. RCW 10.101.005; *In re Welfare of J.M.*, 130 Wn. App. 912, 922, 125 P.3d 245 (2005).

and the mother's absence, the court held appointed counsel was not able to represent the mother in the termination trial. *In re Parzino*, 22 Wn. App. at 90. In *In re A.G.*, appointed counsel had no contact with the mother for over six months prior to the termination trial and no knowledge of the mother's whereabouts at the time of trial. The *In re A.G.* court held that because of the mother's inaction, her attorney could not effectively or ethically represent her in the termination trial. *In re A.G.*, 93 Wn. App. at 278. In *In re Parzino* and *In re A.G.*, the lack of contact between appointed counsel and the parents, together with the parent's absence on the day of trial, made it impossible for counsel to effectively represent the parents in the termination trial.

¶28 Here, unlike in *In re Parzino* and *In re A.G.*, it is undisputed that Nelson was in contact with Ramsey. Nelson represented Ramsey in the dependency proceedings and had contact with him throughout. And, on the first day of the termination trial, Nelson told the court Ramsey was not able to attend because he missed the bus from Everett.

¶29 There is also no dispute that Nelson was not prepared to represent Ramsey. While Nelson represented Ramsey in the dependency proceedings, the termination is different from the dependency and is not a relitigation of the dependency. *In re A.W.*, 53 Wn. App. 22, 28, 765 P.2d 307 (1988), *review denied*, 112 Wn.2d 1017 (1989). The dependency proceedings contemplate resolution of parental deficiencies. RCW 13.34.145(1)(b), .150. At a termination trial, the State has to prove by clear, cogent, and convincing evidence parental unfitness. *In re Dependency of K.R.*, 128 Wn.2d 129, 142, 904 P.2d 1132 (1995).

¶30 Nelson received no discovery, had no opportunity to review the documents identified by DSHS in the Notice to Admit, and had no opportunity to interview the witnesses listed by DSHS or to obtain an independent evaluation of Ramsey. As Nelson explained to the court:

I am unable and would not do an opening statement and would not do any cross examination. . . . My professional duty

would not permit me to go forward on a case that I was just appointed yesterday. I have not received any discovery, haven't spoken with any witnesses, haven't received a witness list, have received absolutely nothing. So I will be here. However, I don't believe that I could adequately represent Mr. Ramsey under these circumstances.

¶31 Under either the fair hearing standard in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), or the meaningful hearing standard in *In re Moseley*, 34 Wn. App. 179, 660 P.2d 315 (1983), Nelson could not provide effective assistance of counsel without additional time to prepare. *In re Welfare of J.M.*, 130 Wn. App. 912, 922, 125 P.3d 245 (2005). We conclude the trial court's decision to deny the motion to continue the termination trial deprived Ramsey of the right to effective assistance of counsel and was an abuse of discretion.[7]

## CONCLUSION

¶32 The record does not support a finding that Ramsey forfeited his right to counsel, and the trial court's decision denying the request to continue the termination trial denied Ramsey his right to effective assistance of counsel. We reverse the order terminating Ramsey's parental rights to V.R.R. and M.V.H.R. and remand for a new trial.[8]

Cox and ELLINGTON, JJ., concur.

---

[7] Ramsey contends RCW 13.34.180 and .190 are unconstitutional because the statutes permit a court to terminate parental rights based on a best interest of the child standard and allow termination without requiring the State to show less restrictive alternatives. In *In re Dependency of I.J.S.*, 128 Wn. App. 108, 114 P.3d 1215, *review denied*, 155 Wn.2d 1021 (2005), this court considered and rejected the same argument.

[8] Because we conclude Ramsey is entitled to a new trial, we do not address Ramsey's argument that DSHS failed to meet its burden of proving the statutory elements for termination by clear, cogent, and convincing evidence.