# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FRED CANTRELL, JR. and KATHLEEN CANTRELL, husband and wife, | No. 50205-4-II |
| Respondents, | |
| v. | |
| SAMUEL VALDEZ, brother, | UNPUBLISHED OPINION |
| Appellant, | |
| VALERIE JEAN VALDEZ, sister, | |
| Defendant. | |

WORSWICK, J. — After Samuel Valdez was convicted of first degree arson for burning down the home of Fred and Kathleen Cantrell, the Cantrells filed a civil suit for damages against Valdez. The jury found in favor of the Cantrells and awarded $2,911,000 in damages. Valdez appeals, asserting that the trial court violated his State and Federal constitutional rights by permitting the trial to commence and proceed absent his physical presence in the courtroom. We affirm.

FACTS

On February 26, 2016, Valdez was convicted of first degree arson for burning down the Cantrells' home.[1] The Cantrells filed a civil complaint against Valdez seeking damages stemming from the arson. Trial was set to commence on November 8, but was later continued to February 27, 2017.

On February 1, Valdez's attorney filed a motion to withdraw as counsel, which motion the Cantrells opposed. The withdrawal motion stated that Valdez had been actively representing himself in the matter despite having counsel. The trial court granted counsel's withdrawal motion on February 21, noting that trial would commence on the scheduled date of February 27. Valdez, who was then incarcerated, continued to represent himself pro se.

On February 6, Valdez filed pro se motions to dismiss for lack of subject matter jurisdiction and also to appear by telephone at his February 27 trial date. Apart from Valdez's motion for a telephonic hearing, there is nothing in the record showing that Valdez or his attorney had sought arrangements to secure Valdez's physical presence at trial.

Valdez appeared by telephone at the start of the February 27 trial. The trial court facilitated Valdez's telephonic appearance by using a court credit card to pay for Valdez's collect calls from the prison where he was incarcerated. Valdez told the trial court, "I need to inform you that I'm hearing impaired so I'm having a little trouble understanding you." Report of Proceedings (RP) at 12. Although Valdez told the trial court that he had difficulty hearing the

---

[1] Fred, who is blind, and Kathleen Cantrell were asleep in their home when Valdez set it on fire. The Cantrells had two dogs that died in the fire.

proceedings, he was able to respond to the trial court's questions and would tell the trial court when he could not understand what was being said in the courtroom.

The trial court explained the jury voir dire procedure to Valdez and asked whether Valdez had any questions. Valdez responded, "Yeah, I do. So you're expecting me to attend this jury trial via phone; is that correct?" RP at 14. The trial court explained that Valdez had filed a motion to appear by telephone, which motion the court had granted. The trial court then denied Valdez's motion to dismiss for lack of subject matter jurisdiction. Despite filing a motion to appear telephonically, Valdez objected to the trial taking place without his physical presence in the courtroom. Valdez argued that he could not receive a fair trial when appearing by telephone. The trial court responded that Valdez had not filed a motion to be transported to trial. The Cantrells' attorney opposed continuing the trial to facilitate Valdez's physical presence, arguing that the motion was untimely, the trial had already been continued once, and potential jurors and subpoenaed witnesses were present at the court. The trial court denied Valdez's request to delay the trial and to arrange for his physical presence in the courtroom.

The prison placed restrictions on Valdez's phone use. Valdez told the trial court that he was restricted to 20 minutes per phone call and that he would try to call back after his 20-minute phone time expired. Valdez then moved to stay the trial until his criminal appeal was resolved, which motion the trial court denied. At the start of jury voir dire, Valdez's 20-minute phone call expired. The trial court noted on the record that it had waited 9 minutes for Valdez to call back before continuing with the proceedings. Valdez never called back to the courtroom throughout the entirety of the trial. The record on appeal does not explain why Valdez did not call back.

3

The trial court instructed the jury that Valdez was liable to the Cantrells for damages as a matter of law and, thus, the jury's factual determination would be limited to the amount of damages. The jury returned a special verdict finding that Valdez was liable for $356,000 in damages for the destruction of the Cantrells' home and studio, $450,000 in damages for the Cantrells' loss of personal property, $1,000,000 in damages for Fred Cantrell's mental pain and suffering, $1,000,000 in damages for Kathleen Cantrell's mental pain and suffering, $45,000 in damages for the Cantrells' loss of use of their destroyed property, and $60,000 in damages for the inconvenience experienced by the Cantrells. On March 20, 2017, the trial court entered judgment against Valdez, imposing the $2,911,000 in damages found by the jury plus $530 in fees. Valdez appeals.

ANALYSIS

Valdez asserts that the trial court violated his constitutional rights under the Sixth and Fourteenth Amendments of the United States Constitution and under Article I, sections 3, 21, and 22 of the Washington Constitution by allowing the trial to commence and proceed absent his physical presence in the courtroom. We disagree.

I. CONSTITUTIONAL CLAIMS

At the outset, we hold that Valdez's claim as it pertains to the Sixth Amendment and Article I, section 22 clearly lacks merit as these provisions apply only to criminal proceedings. U.S. CONST. amend. VI ("In all criminal prosecutions . . . ."); WA. CONST. art. I, § 22 ("*In criminal prosecutions* the accused shall have the right to appear and defend in person . . . ." (emphasis added)). With regard to his claim as it pertains to Article I, section 21 of our State

Constitution,[2] Valdez does not explain how his jury trial right was violated by the trial court permitting the trial to commence and proceed as scheduled absent his physical presence in the courtroom. And Valdez does not provide any legal authority supporting the proposition that a civil litigant's jury trial right is violated when a trial is conducted absent his or her physical presence in the courtroom. Accordingly, we do not further consider Valdez's claim under Article I, section 21. *See Holland v. City of Tacoma*, 90 Wn. App. 533, 538, 954 P.2d 290 (1998) (Holding that "[p]assing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration."); *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (Holding that pro se litigants are held to the same standards as attorneys.). We therefore turn to Valdez's claim under the Fourteenth Amendment and Article I, section 3.

The due process clause of the Fourteenth Amendment guarantees that "[n]o state shall . . . deprive any person of . . . property, without due process of law." U.S. CONST. amend. XIV, § 1. Article I, section 3 of the Washington Constitution similarly guarantees that "[n]o person shall be deprived of . . . property, without due process of law." Our Supreme Court has "treated our state due process clause coextensively with its federal counterpart." *State v. Jordan*, 180 Wn.2d 456, 462, 325 P.3d 181 (2014); *see also Bellevue School Dist. v. E.S.*, 171 Wn.2d 695,

---

[2] Article I, section 21 of the Washington Constitution provides:

> The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.

710-14, 257 P.3d 570 (2011); *In re Pers. Restraint of Dyer*, 143 Wn.2d 384, 394, 20 P.3d 907 (2001). And because Valdez does not provide a *Gunwall*[3] analysis suggesting that Washington's due process clause provides greater protection than the Federal due process clause in this context, we presume here that Article I, section 3's due process protections are coextensive with those afforded under the Fourteenth Amendment. *Jordan*, 180 Wn.2d at 462; *In re Dyer*, 143 Wn.2d at 394.

Valdez asserts that the due process clauses of the State and Federal Constitutions provided him "the right to be present during all critical stages of a civil trial." Br. of Appellant at 5. But the cases Valdez cites in support of this assertion address only the due process right to be present at all critical stages of a *criminal* trial, where the criminal defendant's liberty is at stake. *See State v. Irby*, 170 Wn.2d 874, 880, 246 P.3d 796 (2011) ("A *criminal* defendant has a fundamental right to be present at all critical stages of a trial." (emphasis added)); *State v. Pruitt*, 145 Wn. App. 784, 798, 187 P.3d 326 (2008) ("Under the . . . Fourteenth Amendment[], a *criminal* defendant has the right to attend all critical stages of his trial." (emphasis added)).

Even assuming that due process affords civil litigants such as Valdez the right to be physically present at a trial in which only property interests are at stake, Valdez waived such right by requesting to appear at trial telephonically on the first day of trial. It is well established that constitutional rights, including the right to be present at all critical stages of trial, may be

---

[3] *State v. Gunwall*, 106 Wn.2d 54, 720 P.2d 808 (1986).

waived.  *See, e.g.*, *In re Det. of Black*, 187 Wn.2d 148, 153-55, 385 P.3d 765 (2016).  Here, the

trial court did not restrict Valdez from attending his trial in person.[4]

Instead, Valdez affirmatively waived his physical presence at trial by filing a motion to

appear by telephone.  Moreover, Valdez's request to appear in person was untimely because it

was made at the start of trial and would have necessitated a continuance that lacked a good faith

basis in support.  CR 40(d) ("When a cause is set and called for trial, it shall be tried or

dismissed, unless good cause is shown for a continuance.").  Accordingly, Valdez waived any

right to be physically present at his trial.

## II.  CONTINUANCE MOTION

Although unclear from his briefing, to the extent that Valdez is contending the trial court

abused its discretion in denying his request to continue the trial to permit him time to secure his

physical presence, this contention also fails.

We review a trial court's ruling on a continuance motion for an abuse of discretion.

*Trummel v. Mitchell*, 156 Wn.2d 653, 670, 131 P.3d 305 (2006).  A trial court abuses its

discretion when its decision is based on untenable grounds or for untenable reasons.  *Trummel*,

156 Wn.2d at 671.  "In deciding a motion to continue, the trial court takes into account a number

of factors, including diligence, due process, the need for an orderly procedure, the possible effect

on the trial, and whether prior continuances were granted."  *In re Dependency of V.R.R.*, 134 Wn.

App. 573, 581, 141 P.3d 85 (2006).

---

[4] In fact, the trial court attempted to provide Valdez an opportunity to appear telephonically, and paid for the collect calls from the prison.

Here, Valdez failed to make any arrangements to secure his physical presence at trial and requested to appear by telephone. Then, on the first day of trial, Valdez objected to the trial proceeding without his physical presence in the courtroom. Under these circumstances, we hold that the trial court acted well within its discretion when denying Valdez's request to delay the trial for an unspecified amount of time.

### III. ISSUES RAISED IN VALDEZ'S REPLY BRIEF

For the first time in his reply brief, Valdez raises issues under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and rules 1.1, 1.2, and 2.6 of the Code of Judicial Conduct. But "[a]n issue raised and argued for the first time in a reply brief is too late to warrant consideration." *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Accordingly, we do not consider these issues and, having rejected Valdez's other claims, we affirm the judgment entered in this case.

### IV. ATTORNEY FEES

The Cantrells request the award of attorney fees for having to defend a frivolous appeal. "[A]n appeal is frivolous if it raises no debatable issues on which reasonable minds might differ and it is so totally devoid of merit that no reasonable possibility of reversal exists." *Protect the Peninsula's Future v. City of Port Angeles*, 175 Wn. App. 201, 220, 304 P.3d 914 (2013). Although unsuccessful, we cannot conclude that the issues raised in Valdez's appeal were so totally devoid of merits that no reasonable possibility of reversal existed. Moreover, in determining whether an appeal is frivolous we also consider the civil appellant's right to appeal an adverse judgment, and we resolve any doubt as to the frivolity of an appeal in favor of the

No. 50205-4-II

appellant. *Protect the Peninsula's Future*, 175 Wn. App. at 220. Accordingly, we deny the Cantrells request for attorney fees on this basis.

The Cantrells also request costs should they prevail in this appeal. As the prevailing party, the Cantrells may seek the award of costs by filing a cost bill under RAP 14.4. RAP 14.1, -14.6.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J

We concur:

Johanson, J.

Melnick, J.