IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 77490-5-I |
| | ) | |
| CATHERINE ANGELA FAN, | ) | DIVISION ONE |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | |
| | ) | |
| SHANE BENJAMIN ANTOS, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 1, 2019 |

HAZELRIGG-HERNANDEZ, J. — RCW 29.09.187(3)(a) requires trial courts to consider RCW 26.09.191 restrictions when creating a parenting plan. In order to preserve issues for appeal, a party must object at trial. Because the trial court was required to consider parenting plan restrictions, and because Antos failed to object to many of his asserted errors at trial, we affirm the judgment of the trial court.

## FACTS

Catherine Fan and Shane Antos were married in September 2011. They had one daughter, N.A. In June 2013, the parties separated.

The parties engaged in email communications regarding the distribution of property. While the parties "identified an overall plan" they did not agree to the fundamental terms of an enforceable agreement. The parties disagreed about the disbursement of the proceeds from the sale of the house they owned together. Fan filed for dissolution on July 8, 2016.

Over Antos's objection, the trial court froze the proceeds from the house sale. Antos requested a pre-distribution of $80,000 at a hearing on August 4, 2016. The court rejected that request based on Antos's representation that he still had substantial savings available. On January 5, 2017, Antos rejected mutual pre-distributions of $25,000. He rejected mutual pre-distributions again on February 16, 2017.

At the request of the parties, the trial court appointed a parenting evaluator, Elise Buie. Antos received her report before the pretrial conference on July 13, 2017, at least 31 days before the trial.

At trial, Fan presented testimony from the parenting evaluator, Buie, multiple lay witnesses, the psychologist who evaluated both parties, N.A.'s pediatrician, and herself.

Antos participated only intermittently in trial proceedings. He submitted a written motion for continuance on the second day of trial, but was not present to address his motion until the third and final day of trial, when it was denied. He presented no evidence and cross-examined only one witness.

The court found Antos engaged in the abusive use of conflict; he demonstrated a risk of loud, angry, or caustic exchanges that exposed N.A. to instability and could impair her sense of security; Antos's mental health or emotional issue made it "almost impossible for him to make decisions on behalf of [N.A.] in a timely and necessary manner for her."; Antos may have a long-term problem with drugs, alcohol, or other substances that interfere with his ability to

parent; and concerns regarding Antos's use of marijuana and Adderall "must be further explored."

After trial, a final divorce order was entered, including a parenting plan containing RCW 26.09.191 restrictions, and an order for child support.

ANALYSIS

I.    Parenting Plan

Superior courts have original jurisdiction of all matters of divorce. WASH. CONST. Art. 4 §6.   This court reviews parenting plans for "manifest abuse of discretion, which occurs when the trial court's 'decision is manifestly unreasonable or based on untenable grounds or untenable reasons.'" In re Marriage of Black, 188 Wn.2d 114, 127, 392 P.3d 1041 (2017) (quoting In re Marriage of Chandola, 180 Wn.2d 632, 642, 327 P.3d 644 (2014)).   The trial court's discretion is cabined by provisions in RCW 26.09. Chandola, 180 Wn.2d at 642, 327 P.3d 644 (2014), (citing In re Marriage of Katare, 175 Wn.2d 23, 35-36, 283 P.3d 546 (2012)). Superior courts are required by statute to consider the limiting provisions of RCW 26.09.191 when determining residential provisions of a parenting plan. Katare, 175 Wn.2d at 35-36 (citing In re Marriage of Kovacs, 121 Wn.2d 795, 801, 854 P.2d 629 (1993)); RCW 26.09.187(3)(a) ("The child's residential schedule shall be consistent with RCW 26.09.191." (emphasis added)).   We review the meaning of a statute de novo. State v. Wooten, 178 Wn.2d 890, 895, 312 P.3d 41 (2013) (citing Dept. of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)).

The trial court does not need to find actual harm to a child to impose restrictions, but may impose restrictions where substantial evidence shows that a

3

danger of damage exists. <u>Chandola</u>, 180 Wn.2d at 645, (quoting <u>Katare</u>, 175 Wn.2d at 35-36).

Antos argues that the trial court did not have jurisdiction to enter parenting plan restrictions under RCW 26.09.191, when Fan's pleadings did not request those restrictions. In the alternative, he argues that the court could only have gained jurisdiction to impose those restrictions by implicitly amending the pleadings.

His arguments ignore the mandatory language of RCW 29.09.187(3)(a), requiring the trial court to create a parenting plan consistent with RCW 26.09.191. Because the statutory scheme requires the court to consider parenting plan restrictions, it was not an abuse of the trial court's authority or discretion to consider those restrictions. Instead, failing to comply with the statute's mandatory language would have been an abuse of the trial court's discretion.

RCW 26.09.191(3) permits the court to limit any provision of the parenting plan if the court finds any of the following factors: a long-term emotional impairment interferes with the parent's performance of parenting functions, a long-term impairment resulting from drug, alcohol, or other substance abuse that interferes with the performance of parenting functions, or the abusive use of conflict by the parent which creates the danger of serious damage to the child's psychological development. RCW 26.09.191(3)(b), (c), (e).

Here, the trial court found that Antos engaged in the abusive use of conflict and had mental or emotional issues that interfered with his ability to make decisions for N.A. in a timely and necessary manner for her. Antos does not

challenge these factual findings. "Unchallenged findings of fact are verities on appeal." Welfare of A.W., 182 Wn.2d 689, 711, 344 P.3d 1186 (2015) (citing Merriman v. Cokeley, 168 Wn.2d 627, 631, 230 P.3d 162 (2010)). Those unchallenged findings permit the trial court to exercise its discretion and impose parenting plan restrictions under RCW 26.09.191. The court also made findings that Antos's mental health and substance abuse issues needed to be further explored.

Antos relies on In re Marriage of Watson, which held that unproven allegations do not provide substantial evidence in support of visitation restrictions. 132 Wn. App. 222, 233, 130 P.3d 915 (2006). Here, the court found the allegations of abusive use of conflict and long-term emotional impairment were substantiated and support the imposition of restrictions under RCW 26.09.191. Antos argues that the court's finding regarding his substance use needing further exploration is insufficient to justify substance abuse based restrictions. The court here found a risk of substance abuse with Antos, rather than finding that substance abuse actually occurred.

However, this case is more appropriately compared to Katare than Watson. In the case of Katare, the Supreme Court upheld a parenting plan restriction when the court found the father presented a risk of abduction, despite the fact that no abduction or attempted abduction had occurred. 175 Wn.2d at 36. The court distinguished Watson, finding that restrictions cannot be imposed for unfounded reasons. Id. at 37. Here, the finding that Antos might abuse substances is well supported by the record. Because it was within the trial court's discretion to find a

5

risk of harm to N.A. based on that evidence, and to impose restrictions on that basis, we affirm the parenting plan.

II.     Scheduling and Continuances

We review a decision to deny a continuance for manifest abuse of discretion. In re Dependency of V.R.R., 134 Wn. App. 573, 580-81, 141 P.3d 85 (2006), (citing City of Tacoma v. Bishop, 82 Wn. App. 850, 861, 920 P.2d 214 (1996)). "In deciding a motion to continue, the trial court takes into account a number of factors, including diligence, due process, the need for an orderly procedure, the possible effect on the trial, and whether prior continuances were granted." Id.

Here, the trial court denied Antos's oral motions for continuance at two pre-trial conferences and during the opening day of trial. At each pre-trial conference, the court instructed Antos to put his motions for continuance in writing and provide notice to the opposing party of the motion. Antos did not file a written motion until the second day of trial. He did not appear in court the second day of trial. On the third and final day of trial, Antos appeared and the court denied the motion for continuance.

Antos argues that "[t]he rights of pro se litigants require careful protection where highly technical requirements are involved." Garaux v. Pulley, 739 F.2d 437, 439 (9th. Cir. 1984). That argument is sound, but inapplicable. Submitting a written motion and providing notice to the opposing party are not highly technical requirements.

The trial court repeatedly instructed Antos on the requirements to have his motion considered. Antos was more than capable of meeting those requirements. He failed to do so until the third day of trial, and the court properly denied his motion.

Antos argues that the court "violated" RCW 26.12.175(1)(b) when it permitted the trial to commence on August 14, 49 days after the parenting evaluation report was filed, despite his oral requests for a continuance.

It does not appear that the cited statute applies to this case. RCW 26.12.175 permits courts to appoint a guardian ad litem and sets forth the duties of guardians ad litem. RCW 26.09.220 permits courts to order an investigation and report concerning parenting arrangements, appoint a guardian ad litem pursuant to RCW 26.12.175, or both. RCW 26.09.220(3) requires the investigator appointed under that statute to "provide his or her report to counsel and to any party not represented by counsel at least ten days prior to the hearing unless a shorter time is ordered by the court for good cause shown."

Here, the trial court appointed Buie as a parenting evaluator, not as a guardian ad litem. Although the court referred to her as a guardian ad litem at times, the substance of her role in this case was only to provide a parenting evaluation, and did not include other guardian ad litem duties—such as legal representation of N.A. or pursuit of her best interests. The requirements for her report are contained in RCW 26.09.220(3). Antos received her report before the pretrial conference on July 13, 2017, more than 31 days before the trial.

Finally, Antos argues that he should have been granted a continuance to defend against the parenting plan restrictions. This argument is predicated on his previous argument that the parenting plan restrictions were required to be presented in the pleadings, which we reject above. Antos based his argument on the premise that he did not have proper notice in order to present evidence to the court opposing restrictions and needed the additional time to prepare his response. Given that Fan filed declarations regarding a number of incidents supporting parenting plan restrictions with the pleadings, Antos's notice argument fails. We find no abuse of the trial court's discretion regarding Antos' motions for continuance, and affirm.

III. Temporary Injunction

In a dissolution proceeding, RCW 26.09.060(2)(a) permits the trial court to restrain persons from disposing of any property, except in the usual course of business or for the necessities of life. Antos argues that the court violated RCW 26.090.060(2)(a) because the court did not make such an exception for him to access the funds from the sale of the house. Antos both requested a (unilateral) pre-distribution and rejected a (mutual) pre-distribution. While Antos was pro se for much of the proceedings, he was represented at each hearing regarding pre-distribution. There were mechanisms in place to make sure Antos had access to funds for costs of living and attorney's fees. Antos refused to take advantage of them.

Additionally, Antos argues that the court failed to comply with CR 52(a)(2)(A) because the court did not issue proper findings of fact and conclusions

8

of law when granting the temporary injunction. CR 52(a)(2)(A) requires trial courts to enter findings of fact and conclusions of law whenever the court orders such a restraint. However, if the trial court fails to make the required findings of fact, the appellate court may review the court's oral opinion and record below and need not remand when the opinion or the record is clear. Pepper v. King County, 61 Wn. App. 339, 350-51, 810 P.2d 527 (1991). The record below reveals clearly the court's basis for imposing the injunction, preserving the disputed proceeds of the house sale.

Further, Antos filed a motion for revision of the Commissioner's August 4, 2016 temporary restraining order regarding the proceeds from the sale of the home. That matter was heard by a judge after arguments and additional materials were presented to the court by both parties. The latter hearing on Antos's motion to revise resulted in an order that directed the parties with greater specificity, but ultimately incorporated the same limitations on pretrial distributions ordered by the Commissioner. The trial court did not abuse its discretion in imposing temporary financial restraints under the broad authority of RCW 26.090.060(2)(a).

IV.    Issues We Decline to Reach

We may refuse to review any claim of error which was not raised in the trial court. RAP 2.5(a). Antos argues that a number of issues regarding the trial court's division of property and award of child support are unsupported by the facts in the record. He also argues the trial court erred by appointing Fan's preferred parenting evaluator. Because Antos did not participate in trial and did not object to the court's

orders, he failed to preserve these issues for appeal. We affirm the trial court without considering these issues.

Antos argues the cumulative error doctrine entitles him to a new trial, without citing any authority that supports the application of cumulative error doctrine to a civil case. Where no authority is cited in support of a proposition, the court is not required to search for them and may assume counsel has diligently searched and found none. DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Washington courts have not yet applied cumulative error to civil cases, and we decline to consider applying it to those cases without a reasoned argument.

Antos finally argues that this case should be assigned to a new judge on remand. Because we affirm the judgment of the trial court, we need not address this issue.

WE CONCUR:

Andrus, J.

Mann, ACJ