# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Detention of: | No. 56975-2-II |
| Z.L., | |
| Appellant. | UNPUBLISHED OPINION |

VELJACIC, J. — ZL appeals the trial court's order committing him to involuntary treatment for up to 180 days under chapter 71.05 RCW after denying ZL's request for a continuance. We hold that the court did not abuse its discretion, or deny ZL his due process rights, in denying the continuance. Accordingly, we affirm the order committing ZL to involuntary treatment for 180 days.

## FACTS

At the time of his involuntary commitment, ZL was a 37-year-old man with schizoaffective disorder. ZL initially was committed at Western State Hospital (WSH) in September 2019 pursuant to a court order.

On April 6, 2022, two doctors filed a 180-day civil commitment petition to continue ZL's commitment. The hearing on the petition was schedule for April 28. Shortly after WSH called its first witness, ZL interrupted the hearing and requested to meet with his lawyer.

Counsel then relayed to the trial court that ZL wanted a continuance. Counsel explained to the court that the day before he had met with ZL, ZL requested that counsel contact three potential witnesses. Counsel e-mailed the three individuals but they did not respond.

The trial court denied the motion, stating "I am going to deny that motion, there was—those were witnesses that were known in advance of this hearing and so I will deny the motion to continue the hearing, so we'll proceed today."  Report of Proceedings (RP) at 12-13.  The trial court then offered ZL additional time to confer with his attorney.

When the hearing resumed, the court indicated to the parties that it was rethinking its decision to deny the continuance and permitted WSH to respond to the continuance request.  WSH asked the court to deny the continuance because the potential witnesses were "outside witnesses" and not involved with ZL's treatment.  RP at 14.  WSH argued that the testimony of outside witnesses would not be relevant to determine the issue of grave disability.  WSH also argued that it was unclear if the "'outside people' are illusory" and that continuing the matter without more right before the hearing "would both . . . prejudice the State and would prejudice the patients"  RP at 15.  ZL responded that the court regularly allows outside witnesses to testify in these matters as to the issue of placement.

After listening to both WSH's and ZL's arguments, the trial court affirmed its prior decision to deny the continuance.  The 180-day commitment hearing proceeded.  At the conclusion of the hearing, the court found ZL gravely disabled and not ready for a least restrictive alternative and ordered ZL to be committed to WSH for 180 days.  ZL appeals the trial court's 180-day commitment order.

ANALYSIS

ZL contends that the trial court abused its discretion in denying his request for a continuance and that the denial violated his due process rights.  We disagree.

The involuntary treatment act (ITA), chapter 71.05 RCW, aims to protect the health and safety of those suffering from behavioral health disorders and to protect public safety.  RCW

71.05.010(1)(a). Under the ITA, if a person is a serious harm to themselves or others, or is in danger due to being gravely disabled, they can be committed for 14 days of involuntary intensive treatment or 90 days of less restrictive treatment, following a petition and hearing. RCW 71.05.230, .240(1). If more treatment is needed after the 14-day period of intensive treatment, another hearing can be held to commit the person for 90 or 180 days, if they have harmed themselves, others, or property, or are gravely disabled. RCW 71.05.280(1), (4), .320.

In a hearing for involuntary commitment, a court can continue a proceeding if there is a showing of good cause. RCW 71.05.236(1). Decisions to grant a motion for a continuance are reviewed under an abuse of discretion. *In re Detention of G.V.*, 124 Wn.2d 288, 295, 877 P.2d 680 (1994). We will not reverse a trial court's decision unless the appellant shows that the court's decision was manifestly unreasonable or exercised on untenable grounds. *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004). "In exercising discretion to grant or deny a continuance, trial courts may consider many factors, including surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure." *Id*. at 273.

"'When denial of a motion to continue allegedly violates constitutional due process rights, the appellant must show either prejudice by the denial or the result of the trial would likely have been different if the continuance was granted.'" *In re Termination of A.D.R.*, 185 Wn. App. 76, 87, 340 P.3d 252 (2014) (quoting *In re Dependency of V.R.R.*, 134 Wn. App. 573, 581, 141 P.3d 85 (2006)). We review whether the denial of a continuance amounts to a constitutional violation on a case-by-case basis. *Downing*, 151 Wn.2d at 275.

Shortly after WSH called its first witness at ZL's involuntary commitment hearing, ZL asked to speak to counsel. Counsel explained to the trial court that ZL wanted a continuance because three alleged witnesses had not responded to counsel's e-mails the day before. The trial

court denied the motion because the individuals were known in advance of the hearing. The court reconsidered its initial ruling and allowed further argument. WSH asked the court to deny the continuance because the potential witnesses were "outside witnesses" and not relevant to ZL's treatment. RP at 14. WSH also pointed out that in such cases, the State and the patients would be prejudiced in delaying the involuntary commitment proceeding without more on the day of the hearing. The trial court then affirmed its prior decision.

Based on the above, the trial court had tenable grounds to move forward with the involuntary commitment hearing because ZL delayed in requesting a continuance and made no showing of the relevance of the witnesses. Therefore, the trial court did not abuse its discretion in denying ZL's request for a continuance. Because ZL was able to present his argument for a continuance and because the trial court properly considered his argument and did not abuse its discretion in denying the motion, we see no due process violation.

## CONCLUSION

We affirm the trial court's order committing ZL for 180 days of involuntary commitment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, J.

Glasgow, C.J.

4